IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-431-FL

| | |
|---|---|
| ERGS II, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| HAROLD S. LICHTIN, and HAROLD S. ) | |
| LICHTIN FAMILY LIMITED ) | |
| PARTNERSHIP, ) | |
| ) | |
| Defendants. | |

Plaintiff brings this suit on contracts of guaranty, entered into by defendants, guaranteeing payment on loans made by Branch Banking & Trust Company to Lichtin/Wade, L.L.C., allegedly transferred to plaintiff. Plaintiff seeks to collect against the guarantors upon default of the note maker, Lichtin/Wade, L.L.C., which has since filed for bankruptcy protection. The matter comes before the court on defendants' motion for preliminary injunction (DE #14), in which defendants seek to stay this proceeding pending the outcome of bankruptcy proceedings involving the note maker, or, in the alternative, receive additional time within which to make their response to complaint. For the reasons given, the primary relief requested by defendants in the form of an injunction, obviating plaintiff's continued prosecution, is denied; however, additional time will be accorded defendants to respond to complaint, and in that part, the motion is allowed.

BACKGROUND

In light of the nature of the relief defendants seek, the court expedited response by plaintiff

to the motion for preliminary injunction, in order entered September 14, 2012. Plaintiff vehemently asserts in response filed September 25, 2012, that there is no valid basis to defer prosecution of its effort now to collect on the four contracts of guaranty entered into by each defendant, in connection with loans made to Lichtin/Wade, LLC.

Plaintiff alleges that Lichtin/Wade, LLC, failed to repay its obligations on four loans, and where the original lender transferred all of its interest to plaintiff, defendants are liable now to ERGS for all amounts owed pursuant to their guaranties. The fact of the bankruptcy filing of the principal obligor raises no bar in this instance, plaintiff contends, to its suit on the subject guaranties.

Plaintiff seeks in complaint in excess of Forty Million Dollars ($40,000,000.00), interest, and attorneys' fees. Plaintiff lodges a further salvo by way of a motion for summary judgment, also filed September 25, 2012, wherein it asserts there is no genuine issue as to any material fact, and plaintiff is entitled to judgment as a matter of law under Federal Rule of Civil Procedure 56. A cursory review of this recent motion, including the supporting memorandum, to which defendants' time to respond has not yet elapsed, shows reliance in some part on discovery conducted already in the bankruptcy proceeding.

## COURT'S DISCUSSION

A.  Motion for Preliminary Injunction

Defendants' motion for preliminary injunction finds no basis for support among facts at issue here and/or the law concerning. Defendants urge the unique posture of plaintiff mitigates in favor of the relief requested, where plaintiff is revealed as a competitor of the bankrupt debtor. They contend there is uncertainty as shown in the bankruptcy proceeding whether certain payments properly have been applied, raising issue as to amounts due and owing. Defendants say, too, they have no ability to satisfy the obligations undertaken.

Without more, circumstances do not warrant stay. Issues concerning needless duplication and depletion of the court's limited resources can be addressed with less drastic remedy than injunctive relief in the context of litigation ongoing. For many of the reasons urged by plaintiff, defendants' motion for preliminary injunction is DENIED. Defendants shall have fourteen (14) days from date of entry of this order within which to respond to complaint.

A.  Case Scheduling

There is no scheduling order yet in effect. By separate order, framed as the court's initial order on scheduling, the parties' actions in aid to development by the court of a case schedule will be directed, in supplement to and in furtherance of requirements of the Federal Rules of Civil Procedure and this court's Local Civil Rules.

B.  Motion for Summary Judgment

The court also takes note of the pendency of plaintiff's motion just filed. While it is true that a motion for summary judgment may be made at anytime under Rule 56(b), up to and until thirty (30) days after the close of discovery, unless otherwise ordered, the court, of its own initiative and in accordance with the mandate contained in Rule 1 of the Federal Rules, renders it unnecessary for defendants now to respond. A brief halt is called to that process, to permit immediate focus on defendant's framing of responsive pleading, and conference between the sides, in furtherance of the parties' development of their joint report and plan on scheduling. The conference process described more particularly in order to follow provides opportunity for consideration in this case of a suggested deadline for defendant's response to the motion for summary judgment now pending.

CONCLUSION

For reasons noted, defendants' motion for preliminary injunction is DENIED. Defendants shall respond to the complaint within fourteen (14) days from date of entry of this order. Initial

order on scheduling matters separately will follow, which among other things will set deadline for filing of the parties' joint report and plan. If there is deemed some necessity by defendants for additional time to permit presentation of facts essential to justify opposition to the motion, the amount of time requested specifically to obtain affidavits or declarations or to take discovery shall be noted in the report together with the position of plaintiff. With benefit of the parties' joint report and plan, the court thereafter will enter its case management order, which will include deadline for defendants to respond to motion filed by plaintiff under Rule 56.

SO ORDERED this the 26th day of September, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge