IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-cv-00431-FL

ERGS II, L.L.C.,                          )
                                          )
    Plaintiff,                          )
                                          )
v.                                        )   **CONSENT PROTECTIVE ORDER**
                                          )   **GOVERNING THE DISCOVERY**
HAROLD S. LICHTIN, and HAROLD S.          )   **OF CONFIDENTIAL INFORMATION**
LICHTIN FAMILY LIMITED                    )
PARTNERSHIP,                              )
                                          )
    Defendants.                         )

    Upon agreement and stipulation of Plaintiff ERGS II, L.L.C. and Defendants Harold S. Lichtin and Harold S. Lichtin Family Limited Partnership (individually, as applicable, a "Party" and collectively, the "Parties"), as evidenced by the signatures of their respective counsel below, and upon consideration of the following:

    A.    The Parties from whom discovery has been sought or will be sought in this action possess certain proprietary and confidential business information and certain confidential personal information the public disclosure of which could cause injury or damage to the disclosing party;

    B.    The Parties have mutually agreed to certain designated measures that will protect the interests of the Parties in preserving their proprietary and confidential business information or confidential personal information, while at the same time facilitating reasonable discovery in this action; and

    C.    The measures designated by the Parties are reasonable and will not prejudice or unduly burden the Court.

1

The Court finds that there is good cause to issue this Order. It is, therefore, ORDERED that:

1. Provided it fits within the description of paragraph A above, any document, or portion thereof, and any other form of information voluntarily produced or discovered pursuant to the Federal Rules of Civil Procedure may be designated by any Party as confidential information (the "Confidential Information") and, if so designated, will be subject to the terms and restrictions of this Consent Protective Order. If a Party objects in good faith to another Party's designation of information as being within the scope of this Consent Protective Order, the objecting Party will specifically identify the disputed Confidential Information and advise the designating Party in writing of the nature of its objection with reasonable particularity, and the designating Party will have thirty (30) days from receipt of the written notice of objection, unless extended by agreement of the Parties, to move the Court for a protective order with respect to the disputed Confidential Information. If the motion is filed, the disputed Confidential Information will be treated as Confidential Information within the scope of this Consent Protective Order until the motion is decided, withdrawn or otherwise resolved by agreement of the Parties. If no motion is filed and no other resolution agreed on by the Parties, the disputed Confidential Information will not be Confidential Information within the scope of this Consent Protective Order.

2. Subject to paragraph 1, documents, information and materials may be designated as Confidential Information as follows:

    (a) Documents may be designated as Confidential Information by marking the initial page "Confidential" at the time they are produced or made available for inspection. In lieu of marking the original document, if the original

document is not produced, the Party may mark the copy that is produced. At the time documents are inspected by opposing counsel, producing counsel may also designate documents as Confidential Information by orally indicating their confidential nature and that they are subject to this Order.

(b) Answers to interrogatories, requests for admission and other written discovery, declarations, or other papers exchanged by the Parties or filed with the Court may be designated as Confidential Information by prominently marking them "Confidential."

(c) Information disclosed at the deposition of a Party or of one of its present or former officers, directors, employees, agents, consultants, or experts may be designated by a Party as Confidential Information by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Consent Protective Order.

(d) Tangible objects may be designated as Confidential Information by affixing to the object or its container a label or tag marked "Confidential."

3. Access to documents, information or materials designated as Confidential Information will be governed as follows: Documents, information and materials designated as "Confidential" pursuant to section two of this stipulated order will be made available only to (i) outside counsel for the respective Party, and counsel's legal assistants, clerks and other support staff; (ii) in-house counsel for the Party, and in-house counsel's legal assistants, clerks and other support staff; (iii) the Parties to this litigation and any officer or employee of the Parties; (iv) independent consulting and testifying experts or consultants retained by a Party or its counsel to assist in the preparation or trial of this cause for use solely in such preparation or trial; (v)

persons who are or may be witnesses in this action; and (vi) Court officials, personnel and officers, including court reporters.

4. All persons receiving Confidential Information will be advised by counsel for the Party disclosing it to them of its confidential nature. Each person receiving Confidential Information under paragraph 3(iv)-(v) will sign an Acknowledgement (which may be on behalf of the recipient firm) that reflects the recipient's commitment to preserve the confidentiality of all information so designated, which acknowledgement will be in the form attached hereto as Exhibit "A." Counsel who is disclosing the Confidential Information to the person will maintain a copy of the executed Acknowledgement and upon request and a proper showing of need send a copy to opposing counsel. All persons receiving Confidential Information are prohibited from disclosing it publicly or disclosing it to any other person or entity except those persons described in paragraph 3 of this Consent Protective Order, and are further prohibited from using the Confidential Information in any way, except the preparation for and trial of the above-captioned lawsuit between the Parties.

5. If a Party believes it has a legitimate need to disclose Confidential Information to persons other than those described in paragraph 3, the Parties will confer and attempt to resolve the issue in good faith. If the Parties cannot reach an agreement, any Party may move the Court to determine whether and how disclosure to that person will be permitted.

6. The inadvertent or unintentional production of any Confidential Information will not be deemed as a waiver, in whole or in part, of the producing Party's claim of confidentiality, either as to Confidential Information disclosed or as to related information. Upon receipt of written notice from the producing Party, the receiving Party will immediately give notice to each person to whom the previously undesignated document, information, or material was disclosed.

4

The receiving Party will use its best efforts to retrieve all copies of the document, information, or material, so that the document, information and material may be properly designated by the producing Party as Confidential Information subject to the provisions of this Consent Protective Order.

7. Nothing in this Consent Protective Order will prevent a Party from using any Confidential Information at trial or in relation to any motion or at any hearing related to the litigation. Confidential Information, however, will be filed in accordance with Local Rule 79.2 and Section T of the Electronic Case Filing Administrative Polices and Procedures Manual. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the

5

Case 5:12-cv-00431-FL   Document 51   Filed 02/28/13   Page 5 of 9

movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

8. Nothing in this Consent Protective Order prevents a Party from using or disclosing information designated as Confidential Information that is lawfully derived from a source other than the designating Party without restrictions on its use or disclosure, or that is in the public domain through no act of the receiving Party.

9. Nothing in this Consent Protective Order will be construed as an agreement or admission: (i) that any information, document or material designated as Confidential Information by a Party is, in fact, confidential or a trade secret; or (ii) with respect to the competency, relevance or materiality of anything designated as Confidential Information by any Party. Further, any objections with respect to competency, relevance or materiality of anything designated Confidential Information by any Party are fully preserved.

10. Within sixty (60) days of the conclusion of this litigation, including any appeals, all Confidential Information, including copies of and information derived from Confidential Information, will be returned to the producing Party, or at the producing Party's option, destroyed by the receiving Party. If destroyed, counsel for the receiving Party will provide the producing Party with an affidavit stating that Confidential Information received by the Party, including Confidential Information provided by the Party to persons described in paragraph 3(i) through (v) has been destroyed. Outside counsel for a Party, however, will be permitted to retain record copies of all information, documents, materials, pleadings and papers related to this lawsuit.

11. Nothing in this Consent Protective Order will affect or restrict the rights of any Party with respect to its own documents or information obtained or developed independently of documents, transcripts and materials designated as Confidential Information.

12. Nothing in this Consent Protective Order will prevent disclosure of Confidential Information, if the Party that produced the Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

13. This Consent Protective Order is entered without prejudice to the right of any Party to seek modification of this Order.

14. The terms and conditions of this Consent Protective Order will survive and remain in full force and effect after termination of this lawsuit. The Court will retain jurisdiction after the entry of a final judgment, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Consent Protective Order.

Based on the agreement of counsel for the Parties, IT IS SO ORDERED this 28th day of February, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

Prepared and consented to by:

| KING & SPALDING LLP | AKINS-HUNT-ATKINS, P.C. |
|---|---|
| *s/ David Guidry* <br> Cory Hohnbaum <br> N.C. State Bar 17453 <br> David Guidry <br> N.C. State Bar 38675 <br> 100 North Tryon Street <br> Suite 3900 <br> Charlotte, NC 28202 <br> Telephone: (704) 503-2600 <br> Facsimile: (704) 503-2622 <br> chohnbaum@kslaw.com <br> dguidry@kslaw.com <br><br> *Attorneys for Plaintiff ERGS II, L.L.C.* | /s// Kristen G. Atkins <br> Donald G. Hunt, Jr. <br> N.C. State Bar No. 22128 <br> Kristen G. Atkins <br> N.C. State Bar No. 36601 <br> 134 N. Main Street, Suite 204 <br> P.O. Box 266 <br> Fuquay-Varina, NC 27526 <br> Telephone: (919) 552-2020 <br> Facsimile: (919) 552-3221 <br> dgh@akinshunt.com <br> kga@akinshunt.com <br><br> *Attorneys for Defendants Harold S. Lichtin and Harold S. Lichtin Family Limited Partnership* |

8

Case 5:12-cv-00431-FL   Document 51   Filed 02/28/13   Page 8 of 9

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
No. 5:12-cv-00431-FL

| | |
|---|---|
| ERGS II, L.L.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HAROLD S. LICHTIN, and HAROLD S. )<br>LICHTIN FAMILY LIMITED PARTNERSHIP, )<br>)<br>Defendants. ) | **CONFIDENTIALITY AGREEMENT** |

I certify and acknowledge my understanding that documents, information and materials designated as "Confidential" in the above-captioned lawsuit are provided to me pursuant to the terms and restrictions of the CONSENT PROTECTIVE ORDER GOVERNING THE DISCOVERY OF CONFIDENTIAL INFORMATION (the "Order") entered in the lawsuit, that I have been given a copy of and have read the Order, and that I submit to the jurisdiction of this Court for enforcement of the Order. I agree to use any Confidential Information disclosed to me in this litigation solely for purposes of this litigation and strictly in accordance with the Order. I will neither disclose nor discuss Confidential Information with anyone other than a person who is permitted under the Order.

Date: _____   Signed:

_____

Printed Name:

_____