IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-431-FL

| | |
|---|---|
| ERGS II, L.L.C., | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) ORDER |
| HAROLD S. LICHTIN, and HAROLD S.<br>LICHTIN FAMILY LIMITED<br>PARTNERSHIP, | )<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the court on plaintiff's motion for summary judgment (DE 22). After a period of discovery, plaintiff supplemented the motion, defendants filed a memorandum in opposition, and plaintiff filed a reply. The court subsequently ordered submission of additional materials and responses, which now have been filed. In this posture, the motion is ripe for ruling.

## BACKGROUND

On July 13, 2012, plaintiff brought this suit on the basis of guaranty agreements, entered into by defendants Harold S. Lichtin and Harold S. Lichtin Family Limited Partnership, guaranteeing payment in excess of $40,000,000.00 on loans made to Lichtin/Wade, L.L.C. by Branch Banking & Trust Company, which transferred all of its interest in the loans, including the subject guaranties, to plaintiff. Plaintiff seeks to collect against the guarantors based upon the default of Lichtin/Wade, L.L.C., which had filed for bankruptcy protection on February 2, 2012. Three appeals arising from that bankruptcy proceeding were filed in this court, (5:12-CV-689-FL, 5:12-CV-688-FL, 5:13-CV-

207-FL), but have all since been dismissed, following conversion of the bankruptcy case from Chapter 11 to Chapter 7.

Defendants moved for preliminary injunction on September 13, 2012, arguing that the case should be stayed pending resolution of the bankruptcy proceeding. Plaintiff responded in opposition and, on the same date, filed a motion for summary judgment, asserting entitlement as a matter of law to the total amount of indebtedness owing under the guaranty agreements, in addition to attorneys' fees. The court denied the preliminary injunction, directing in order entered September 26, 2012, that the parties confer and develop a schedule for addressing the motion for summary judgment.

On October 10, 2012, defendants filed an answer and counterclaims asserting two counterclaims and a defense on the basis that plaintiff's enforcement of the guaranty agreements violated North Carolina law. Plaintiff moved to dismiss these counterclaims and to strike the defense. On January 7, 2013, the court held a status conference and motions hearing, where the parties presented argument on motion to dismiss and motion for summary judgment. With respect to the motion for summary judgment, the court granted defendants' request for limited discovery and extended the time to file a response to the motion for summary judgment.

On March 27, 2013, the court granted plaintiff's motion to dismiss the counterclaims and to strike the defense. The court directed plaintiff to clarify the dollar amount of the award sought in summary judgment on or before April 4, 2013. The court granted defendants an additional extension of time to complete limited discovery and to file a response to summary judgment by June 7, 2013.

In its notice filed April 4, 2013, updating the award sought in summary judgment, plaintiff asserted that the total amount of indebtedness owed to plaintiff was $40,965,318, inclusive of principal, interest, and late charges. (DE 55-1). In their response to summary judgment, filed June

5, 2013, defendants admit liability under the guaranty agreements, but assert that the total amount of indebtedness owed to plaintiff is $40,524,134.97, as of April 4, 2013. (DE 57). In particular, defendants asserted that plaintiff improperly (1) included default interest for the time period between December 16, 2011, and January 30, 2012, (2) failed to account for payments received to that date that had not been applied to the indebtedness, and payments that will be tendered before the court can enter judgment, and (3) failed to justify the amount of attorneys' fees sought. (Id.).

In reply, filed June 21, 2013, plaintiff agreed that – but for the amount attributable to the default interest rate – the total amount of indebtedness owed to plaintiff was $40,524,134.97, as of April 4, 2013, and that additional payments made after that date should be credited. Plaintiff asserted entitlement to default interest rate, opposing defendants's argument that plaintiff was collaterally estopped from relitigating the issue due to the Bankruptcy Court's prior ruling on the question of default interest.

On July 18, 2013, the court directed plaintiff to "supplement supporting materials with affidavit and/or documentary evidence of its actual attorneys' fees and expenses incurred in collection efforts against defendants herein which is the subject of this lawsuit." On July 25, 2013, the court directed plaintiff to show cause why it is not collaterally estopped from relitigating the default interest rate issue where the appeal of the Bankruptcy Court's order was recently dismissed voluntarily.

On August 1, 2013, plaintiff filed a response to the court's two orders. In its response, plaintiff confirms that it does not dispute that it is collaterally estopped from relitigating the issue of default interest for the time period between December 16, 2011, and January 30, 2012, as part of the total amount of indebtedness owed. Plaintiff also has submitted a declaration of David G.

3

Guidry, describing attorneys' fees and costs of collection incurred by plaintiff. On August 8, 2013, defendants filed a reply, accompanied by two additional declarations on the issue of attorneys' fees.

## DISCUSSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other options, "give an opportunity to properly support or address the fact," or "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Summary judgment is not a vehicle for the court to weigh the evidence and determine the truth of the matter, but to determine whether a genuine issue exists for trial. Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986). In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655

4

(1962). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on this motion. Id. at 248-49.

**B. Analysis**

### 1. Total Amount of Damages Owed Under Guaranty Agreements

In light of the parties' summary judgment briefs and declarations in support thereof, there is no genuine dispute over the total amount of damages owed to plaintiff under the guaranty agreements. In particular, defendants admit liability under the guaranty agreements, and the parties' declarations on the record establish that as of April 4, 2013, the total amount of indebtedness owed to plaintiff under the guaranty agreements was **$40,524,134.97**. (See DE 58, Decl. of Trawick H. Stubbs, Jr., ¶¶7-8; DE 61-1, Third Decl. of Craig Boyd, ¶¶ 6-7; DE 64, Response at 1; DE 65, Reply at 1).

With respect to this total amount of indebtedness owed, defendant Harold S. Lichtin is liable for 100% of the total amount of indebtedness owed, and defendant Harold S. Lichtin Family Limited Partnership is liable for 100% of indebtedness owed under one of the loans, and 40% of the amount of indebtedness under the three remaining loans, (see DE 23 at 8; DE 23-2, Exhibits F-1, F-2, F-4, and F-6; DE 58, Decl. of Trawick H. Stubbs, Jr., ¶¶7-8), yielding, by the court's calculation, damages for defendant Harold S. Lichtin Family Limited Partnership in the amount of **$19,840,954.93**, as of April 4, 2013.

The parties also do not dispute that several payments have been made on the underlying debt, since April 4, 2013, and that payments may be made tendered up to the date of this court's judgment, which must be credited in determining the total amount of damages owed to plaintiff under the

5

guaranty agreements. (See DE 58, Decl. of Trawick H. Stubbs, Jr., ¶¶7-8; DE 61-1, Third Decl. of Craig Boyd, ¶¶ 6-7; DE 64, Response at 1; DE 65, Reply at 1). No exact accounting, however, is provided with the parties' latest filings regarding the total amount of damages owed as of the date of last filings, August 1, 2013, and August 8, 2013, respectively.

Accordingly, plaintiff is entitled to summary judgment in part on the issue of liability and damages on plaintiff's breach of contract claim. Pursuant to Fed. R. Civ. P. 56(e), in order to incorporate the most up to date amount of damages, the court DIRECTS the parties to confer and submit a joint accounting and confirmation by August 20, 2013, of the total amount of indebtedness owed to plaintiff under the guaranty agreements as of that date, taking into account any payments made on the underlying debt, together with a proposed form of judgment. The court sets the matter for final hearing August 21, 2013, at 10:30 a.m. at New Bern, North Carolina,[1] at which time it also will receive any further argument on the issue of the amount of attorneys' fees, expenses, and costs owing to plaintiff, and make its determination.

## CONCLUSION

Based on the foregoing, plaintiff's motion for summary judgment (DE 22) is GRANTED IN PART and HELD IN ABEYANCE IN PART, in accordance with this order. The court DIRECTS the parties to submit a joint accounting and confirmation of the total amount of indebtedness owed to plaintiff under the guaranty agreements, as set forth herein, by August 20, 2013, with hearing to follow August 21, 2013, as herein noticed.

SO ORDERED this the 13th day of August, 2013.

LOUISE W. FLANAGAN
United States District Judge

---

[1] If there is consensus between the parties, the court will accommodate request for telephonic hearing in lieu of personal appearance. The parties shall confer and report to the court by the close of business if such accommodation is sought; and at that time provide names of attorneys attending by telephone and their contact telephone numbers.